STATE OF ILLINOIS
SUPREME COURT

At a Term of the Supreme Court, begun and held in Springfield, on Monday, the 11th day of May, 2020.

Present: Anne M. Burke, Chief Justice
Justice Thomas L. Kilbride          Justice Rita B. Garman
Justice Lloyd A. Karmeier           Justice Mary Jane Theis
Justice P. Scott Neville, Jr.       Justice Michael J. Burke

---

On the 18th day of May, 2020, the Supreme Court entered the following judgment:

M.R.030336

In re:

Paul M. Storment, Jr.

Attorney Registration & Disciplinary Commission

2018PR00032

Petition by the Administrator of the Attorney Registration and Disciplinary Commission for leave to file exceptions to the report and recommendation of the Review Board. <u>Denied</u>. Respondent Paul M. Storment, Jr. is suspended from the practice of law for one (1) year, with the suspension stayed after five (5) months by a seven (7) month period of probation subject to the following conditions:

a. Respondent shall successfully complete the ARDC Professionalism Seminar and the two webinars on the ARDC website regarding handling client funds and trust accounting;

b. Respondent shall comply with the provisions of Article VII of the Illinois Supreme Court Rules on Admission and Discipline of Attorneys and the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct;

c. Probation shall be revoked if respondent is found to have violated any of the terms of probation. The remaining seven (7) month period of suspension shall commence from the date of the determination that any term of probation has been violated;

d. Respondent shall attend meetings as scheduled by the Commission probation officer. Respondent shall submit quarterly written reports to the Commission probation officer concerning the status of his practice of law and the nature and extent of his compliance with the conditions of probation;

e. Respondent shall notify the Administrator within fourteen (14) days of any change of address;

f. Respondent shall maintain complete records of client trust accounts, required by Rule 1.15 of the Rules of Professional Conduct, including the following Trust Account Procedures:

Basic accounting records that must be maintained daily and accurately:

- Account Check Register – list sequentially all trust account deposits and trust account disbursements and maintain a current and accurate daily balance on the trust account;

- Account Receipts Journal – list chronologically all deposits into the trust account, each deposit to list the date of the deposit, the source of each deposit, the client matter, the deposit number and the amount of the deposit, and maintain a copy of each item deposited;

- Account Disbursement Journal – list chronologically all trust account disbursements and identify each disbursement with the date of the disbursement check, the trust account check number, the payee, the purpose of the disbursement, the client matter, and the amount of the disbursement check. Maintain a copy of each canceled check or other evidence of disbursement;

- Client Ledger Journal – list chronologically for each client matter all receipts, disbursements and remaining balances, preparing a separate page for each client matter and listing chronologically all receipts and disbursements and remaining balances for each client matter; and

Source documents which must be preserved for seven (7) years;

- Bank statements;

- Deposit slips;

- Cancelled checks – all trust account checks must have a named payee (no checks written to "cash") and the memo portion of the check must contain a reference to a client matter;

- Reconciliation reports and records;

- Time and billing records;

- Copies of records from client files that are necessary for a full understanding of the lawyer's financial transactions with the client: e.g., retainer and engagement agreements; settlement statements to clients showing the disbursement of the settlement proceeds; bills sent to clients and records of payments to other lawyers or non-employees for services rendered; and

g. At least thirty (30) days prior to the termination of the period of probation, respondent shall reimburse the Commission for the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation.

Suspension effective June 8, 2020.

Respondent Paul M. Storment, Jr. shall reimburse the Client Protection Program Trust Fund for any Client Protection payments arising from his conduct prior to the termination of the period of suspension/probation.

Karmeier, J., took no part.

As Clerk of the Supreme Court of the State of Illinois and keeper of the records, files and Seal thereof, I certify that the foregoing is a true copy of the final order entered in this case.



IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of said Supreme Court, in Springfield, in said State, this 18th day of May, 2020.

*Carolyn Taft Grosboll*, Clerk,
Supreme Court of the State of Illinois